UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J. TIMOTHY HOWARD,<br>8400 Parham Court<br>McLean, VA 22102,<br>           Plaintiff,<br><br>v.<br><br>OFFICE OF FEDERAL HOUSING<br>ENTERPRISE OVERSIGHT, an Office<br>within the United States Department of<br>Housing and Urban Development, and<br>JAMES B. LOCKHART III, in his official<br>capacity as Director,<br>1700 G Street, NW<br>Washington, DC 20552,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. _____<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff J. Timothy Howard, through his undersigned counsel, hereby alleges and states as follows:

## NATURE OF THE ACTION

1.   This Complaint concerns the unconstitutional and otherwise unlawful actions of an agency of the United States government, the Office of Federal Housing Enterprise Oversight ("OFHEO") and its Director, James B. Lockhart III. OFHEO and Director Lockhart have directed the Federal National Mortgage Association ("Fannie Mae") to withhold 7,823 shares of Fannie Mae common stock that the company awarded to J. Timothy Howard, Fannie Mae's former Chief Financial Officer, pursuant to the terms of his Employment Agreement and applicable Fannie Mae employee benefit plans. Defendants' actions have no basis in statute or regulation and were taken without notice or an opportunity for Mr. Howard to be heard. Mr. Howard seeks immediate relief from this Court to declare Defendants' actions unlawful and to

enjoin Defendants from freezing, placing a hold on, or otherwise interfering with or preventing the immediate transfer of 7,823 shares of Fannie Mae common stock from Fannie Mae to Mr. Howard.

## PARTIES

2. At the time of his departure from Fannie Mae in January 2005, Plaintiff J. Timothy Howard was a Vice Chairman and the Chief Financial Officer of Fannie Mae, a Congressionally chartered, publicly traded corporation. Mr. Howard resides in Virginia.

3. Defendant Office of Federal Housing Enterprise Oversight ("OFHEO") was created by the Federal Housing Enterprises Financial Safety and Soundness Act of 1992, 12 U.S.C. § 4501 *et seq.*, as an office within the United States Department of Housing and Urban Development.

4. Defendant James B. Lockhart III, is currently the Director of OFHEO and is sued in his official capacity.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States. This suit is brought pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the Fifth Amendment to the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e)(1) and (2).

## FACTS

7. Prior to 2005, Fannie Mae granted long-term incentive awards under its performance share program. Under the program, which was part of Fannie Mae's Stock

Compensation Plan, senior management received shares of common stock of Fannie Mae if the company met certain performance objectives over a period of three calendar years, with each three-year period constituting a single award cycle.

8. In accordance with the program, the Board of Directors of Fannie Mae (the "Board") set both a financial goal – based on growth in core business earnings – and non-financial goals at the beginning of each three-year award cycle for the entire three-year period. Under the program, the Board established a minimum, target and maximum payout levels for each set of goals.

9. For the three-year performance share cycle that ended on December 31, 2005 (the "2005 award cycle" or "PSP 19"), Mr. Howard was granted 28,162 performance shares. Based upon that grant, had Mr. Howard remained employed through the end of the 2005 award cycle, he would have qualified for a range of potential performance share payments at the end of the 2005 award cycle of between 11,265 and 42,243 shares of Fannie Mae common stock, contingent upon the extent to which Fannie Mae achieved its performance goals during the award cycle. Moreover, if Fannie Mae did not attain the minimum, or threshold, performance goals set by the Board for the 2005 award cycle, Mr. Howard – and other eligible Fannie Mae employees – would receive no shares of Fannie Mae common stock.

10. Although the Compensation Committee of the Board (the "Compensation Committee") typically evaluated whether the performance goals were achieved and the amount of the award payout in January of the year following the end of the award cycle, the Board decided to defer determination of the award for the 2005 award cycle due to the delay in the issuance of Fannie Mae's audited financial statements for 2005.

11. On May 2, 2007, Fannie Mae filed with the United States Securities and Exchange Commission (the "SEC") its annual report on Form 10-K for the year that ended December 31, 2005.

12. On June 15, 2007, as reported by Fannie Mae in a Form 8-K filed with the SEC on June 21, 2007, the Compensation Committee and the Board determined to pay the award for the 2005 award cycle at the 40% level to the current and former employees eligible to receive award payments.

13. Pursuant to the terms of Mr. Howard's Employment Agreement and applicable Fannie Mae employee benefit plans, Mr. Howard is entitled to a prorated performance share award based upon the length of his service during the 2005 award cycle. Specifically, as a result of the Board's June 15, 2007 determination to pay the award at the 40% level, Mr. Howard is entitled to the immediate receipt of 7,823 shares of Fannie Mae common stock.

14. On June 19, 2007, Fannie Mae received a letter from OFHEO requesting a report from the Board "relating to the determination and the size and appropriateness" of the award for the 2005 award cycle, "including information relating to the proposed payments to former employees."

15. On June 21, 2007, Fannie Mae publicly reported that it will not pay any performance share awards for the 2005 award cycle until "the company receives the required OFHEO approval."

16. OFHEO previously reviewed and approved, by letter dated December 13, 2004, the payment to Mr. Howard of specified compensation and benefits provided in Mr. Howard's

Employment Agreement, including the post-termination payment of Fannie Mae common stock pursuant to Fannie Mae's performance share program as described above.

17. On June 22, 2007, undersigned counsel for Mr. Howard requested from Fannie Mae a copy of the June 19, 2007 letter from OFHEO referenced in Fannie Mae's June 21, 2007 SEC filing. Counsel for Fannie Mae advised that OFHEO is asserting bank examination privilege over the letter and that Mr. Howard should therefore direct any request for the letter to the agency.

18. On June 22, 2007, undersigned counsel for Mr. Howard requested a copy of the June 19 letter from David A. Felt, Deputy General Counsel of OFHEO. Mr. Felt directed undersigned counsel to submit an expedited Freedom of Information Act ("FOIA") request.

19. On June 22, 2007, undersigned counsel for Mr. Howard submitted an expedited FOIA request to OFHEO for the June 19 letter, indicating that the letter was needed by Mr. Howard in connection with a motion for temporary restraining order to be filed against OFHEO as soon as practicable.

20. On June 25, 2007, undersigned counsel for Mr. Howard advised Mr. Felt that the June 19 letter (as described in Fannie Mae's June 21, 2007 SEC filing) was unlawful under the decisions in *Brendsel v. Office of Federal Housing Enterprise Oversight*, 339 F. Supp. 2d 52 (D.D.C. 2004) and *Clarke v. Office of Federal Housing Enterprise Oversight*, 355 F. Supp. 2d 56 (D.D.C. 2004).

21. OFHEO has not provided a copy of the June 19 letter to Mr. Howard.

22. On June 27, 2007, Mr. Howard formally demanded that Fannie Mae immediately transfer to him the shares that he is owed by reason of the Board's determination regarding the award for the 2005 award cycle.

23. By letter dated June 29, 2007, Fannie Mae advised Mr. Howard that the Board had provided OFHEO with the information requested by the agency on June 19 and that, without OFHEO's approval, Fannie Mae "is not in a position to provide a distribution of shares to Mr. Howard immediately."

## CAUSES OF ACTION

**(For Withholding Mr. Howard's Benefits in Violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Fifth Amendment to the United States Constitution)**

24. Mr. Howard incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

25. OFHEO's directives to Fannie Mae have prevented Fannie Mae from transferring to Mr. Howard 7,823 shares of Fannie Mae common stock that Mr. Howard is owed pursuant to his Employment Agreement and Fannie Mae's employee benefit plans.

26. No statute or regulation authorizes OFHEO to issue these directives to Fannie Mae. Further, OFHEO's directives are contrary to its governing law. *See, e.g.*, 12 U.S.C. §§ 1723a(d)(3)(B), 4513(b)(8), 4518, 4632; 12 C.F.R. § 1770.

27. OFHEO previously has reviewed and approved the payment to Mr. Howard of specified compensation and benefits provided in Mr. Howard's Employment Agreement, including the payment of Fannie Mae common stock pursuant to Fannie Mae's performance share program. OFHEO does not have the authority to review Mr. Howard's compensation and benefits a second time.

28.  OFHEO's directives to Fannie Mae were also entered without statutory authority, without notice to Mr. Howard, without opportunity for Mr. Howard to be heard and to challenge OFHEO's authority and/or the alleged factual basis for the directives, and without opportunity for Mr. Howard to appeal the directives to a court of law.  OFHEO's directives thus violate Mr. Howard's right to due process guaranteed by the Fifth Amendment to the United States Constitution.

29.  OFHEO's conduct is thus arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; contrary to constitutional right; in excess of statutory jurisdiction, authority, or limitation, or short of statutory right; and without observance of procedure required by law.

30.  OFHEO's action is final and/or otherwise reviewable.

31.  OFHEO's unlawful conduct has caused, is causing, and will continue to cause substantial harm to Mr. Howard unless OFHEO's actions are declared unlawful pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff J. Timothy Howard requests judgment against Defendants OFHEO and James B. Lockhart III, as follows:

a.  declare unlawful Defendants' directives regarding 7,823 shares of Fannie Mae common stock that Fannie Mae awarded to Mr. Howard;

b.  enjoin Defendants from freezing, placing a hold on, or otherwise interfering with or preventing Mr. Howard's immediate receipt, possession, or free transfer of 7,823 shares of Fannie Mae common stock; and

c.  provide such further relief as the Court deems appropriate.

Dated: July 2, 2007

Respectfully submitted,

*[signature]*

Steven M. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
Miles Clark (D.C. Bar No. 489338)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036-5802
202-778-1800 (phone)
202-822-8106 (facsimile)

*Counsel for Plaintiff*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
J. Timothy Howard

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven M. Salky
Eric R. Delinsky
Miles Clark
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-5802

## DEFENDANTS
Office of Federal Housing Enterprise Oversight, and James B. Lockhart III

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Marica Tiersky
United States Department of Justice
Federal Programs
20 Massachusetts Avenue, N.W., Room 7206
Washington, D.C. 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊗ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ⊗ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Declatory Judgment 28 USC §2201; APA, 5 USC 701, U.S. Constitution

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐  NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 7/2/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.