**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| J. TIMOTHY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1196 (RJL) |
| | ) | |
| OFFICE OF FEDERAL HOUSING | ) | |
| ENTERPRISE OVERSIGHT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**J. TIMOTHY HOWARD'S REPLY TO OFHEO'S OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

OFHEO's Opposition to both Mr. Howard's and Mr. Raines's Motions for Temporary

Restraining Order and Preliminary Injunction ("OFHEO's Opposition") boils down the claim

that it can effect a prejudgment attachment of assets payable to OFHEO-designated executives

pursuant to an "agreement" with Fannie Mae contained in a Capital Restoration Plan and

Consent Order.[1]  As this Court decided in *Brendsel v. Office of Federal Housing Enterprise*

*Oversight*, 339 F. Supp. 2d 52, 61-66 (D.D.C. 2004), OFHEO has no statutory authority to

interfere with the payment of compensation or benefits to enterprise executives, short of issuing

a formal "temporary cease-and-desist order" pursuant to 12 U.S.C. § 4632 and triggering judicial

review by this Court.  Just as OFHEO could not end run the limits on its statutory authority in

*Brendsel* by issuing letters to Freddie Mac, it cannot end run the limits on its statutory authority

by imposing on Fannie Mae a requirement that Fannie Mae obtain OFHEO's approval before

---

[1] Although OFHEO now claims that it is acting pursuant to the Capital Restoration Plan, the letter of June 19, 2007 ordering Fannie Mae to obtain OFHEO's approval before making any PSP payments does not refer to this Plan and instead purports to rely on the Director's authority to determine whether compensation is "reasonable and comparable" pursuant to 12 U.S.C. § 4518.  This Court squarely addressed this asserted authority in *Brendsel*, 339 F. Supp. 2d at 61-63.

2

paying non-salary compensation to executives. OFHEO – like any administrative agency – has

only the authority granted to it by Congress. For all the reasons that this Court cited in *Brendsel*,

Congress did not grant OFHEO the authority it seeks to exercise in this case.

For the foregoing reasons and for the reasons set forth in Mr. Howard's opening

memorandum, this Court should enjoin OFHEO and its Director from freezing, placing a hold

on, or otherwise interfering with or preventing Mr. Howard's immediate receipt of the 7,823

shares of Fannie Mae common stock.

Dated: July 5, 2007                              Respectfully submitted,


                                                 /s/ Steven M. Salky_____
                                                 Steven M. Salky (D.C. Bar No. 360175)
                                                 Eric R. Delinsky (D.C. Bar No. 460958)
                                                 Miles Clark (D.C. Bar No. 489338)
                                                 ZUCKERMAN SPAEDER LLP
                                                 1800 M Street, N.W., Suite 1000
                                                 Washington, DC 20036-5802
                                                 202-778-1800 (phone)
                                                 202-822-8106 (facsimile)

                                                 *Counsel for Plaintiff J. Timothy Howard*

2

1377683.1

**CERTIFICATE OF SERVICE**

I certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to the counsel of record in

this matter who are registered on the CM/ECF.


/s/ Miles Clark_____
Miles Clark

3